JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Benjamin Robinson, appeals from his classification as a sexual predator, complaining that the court lacked clear and convincing evidence to find that he was likely to engage in more sexually-oriented offenses in the future. We do not reach the merits of this assignment because we conclude that the court erroneously failed to consider the matter under the most recent revisions to R.C. Chapter 2950.
 {¶ 2} On January 1, 2008, the Adam Walsh Child Protection and Safety Act became effective, as codified by S.B. 10 in R.C. Chapter 2950. See R.C. 2950.032(A)(2)(a). The act creates a three-tiered system for sexual offender registration, with classification based solely on the offense of conviction — a person's likelihood to reoffend is no longer to be considered.
 {¶ 3} The court classified Robinson as a predator on January 24, 2008, employing the sexual predator scheme implemented under former R.C. 2950.09. At the start of the hearing, the court said that it had convened for a "House Bill 180 sexual predator evaluation," referring to the house bill number of former R.C. Chapter 2950. The court then mentioned an "Adam Walsh classification," but proceeded to conduct a sexual predator classification hearing as set forth under the former statute. It apparently thought that the legality of S.B. 10 remained open to question, and granted a preliminary injunction staying the *Page 4 
imposition of the Adam Walsh Act. The state made no objection to these proceedings.
 {¶ 4} By classifying Robinson under the old statutory scheme, the court failed to employ existing law. We therefore reverse Robinson's sexual predator classification.
 {¶ 5} This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1